ELIZABETH S. FULTON v. CORYDON A. WOODWARD.

An act, approved March 2d, 1891 (*Pamph. L.* 1891, *p.* 64), reads as follows: "Be it enacted, &c., That the judges of all district courts in cities of this state now in office shall continue in office until the first day of April, one thousand eight hundred and ninety-one, on which day their

term of office shall end ; the successors of the judges of said courts now in office shall be appointed by the Governor, by and with the advice and consent of the Senate, and shall continue in office for five years, from the first day of April, one thousand eight hundred and ninety-one ; their successors shall be appointed by the Governor, by and with the advice and consent of the Senate." *Held,* that the 1st day of April, 1891, was within the term of the incumbent of the office at the time of the passage of the statute.

On *certiorari.*

Argued at the February Term, 1892, before Justices DIXON, REED and GARRISON.

For the prosecutor, *Corra N. Williams*.

For the defendant, *Riker & Riker.*

The opinion of the court was delivered by

GARRISON, J.    An act of the legislature, approved March 2d, 1891 (*Pamph. L., p.* 64), reads as follows : " Be it enacted, &c., That the judges of all district courts in cities of this state now in office shall continue in office until the first day of April, one thousand eight hundred and ninety-one, on which day their term of office shall end ; the successors of the judges of said courts now in office shall be appointed by the Governor, by and with the advice and consent of the Senate, and shall continue in office for five years, from the first day of April, one thousand eight hundred and ninety-one; their successors shall be appointed by the Governor, by and with the advice and consent of the Senate."

At the time of the passage of this act John A. Miller, Esq., was judge of the First District Court of the city of Newark, and on April 1st, 1891, rendered in that court the judgment now before us.    His jurisdiction is challenged upon the ground that, by force of the language above cited, his term of office ended on March 31st, 1891.    The question presented is purely one of interpretation.    The controlling words are the three prepositions of time, " on," " until," and " from."    About the

first of these there is no room for debate. On the 1st day of April the term of the incumbent was to end. But it is contended that the word "until" usually excludes the day to which it relates, and that "from" sometimes includes it, and hence it is argued that the term of the incumbent, which was to continue until April 1st, terminated on March 31st. This contention, which rests upon a mere definition of words apart from their context, is supported chiefly, if not wholly, by the citation of authorities drawn from the law of contracts. Now it is undoubtedly true, that in the interpretation of instruments by which powers are created or estates are granted, the word "until" is generally used to delimit the extent of that which is within the grant, and hence excludes the day up to which the grant runs. But where language is employed with respect to an existing and continuing power which is to end on a future day, and not until that day, the function of the preposition is not to limit but to extend.

The act before us contains three provisions, distinct in time— *first,* the term of the incumbent shall end on April 1st; *second,* until then it shall be continued; and, *third,* from then his successor's term shall run. Here an existing state of things is directed to continue until a day, upon which day something is to happen to it. Now, as nothing can happen to a thing which does not exist, it is clear that a termination cannot happen to an office which has already ceased to be. Indeed, no effect, so far as I can see, can be given to that part of this act which directs that the incumbent's term shall end on April 1st, unless on April 1st there existed in the incumbent a term capable of being operated upon by the statute, in which case the whole of the day would be *punctum temporis,* of which the law would note no fractions. All doubt as to the correctness of this interpretation is removed by the word "from," which, in this context, excludes the day of departure, a meaning not resting upon authority, but upon the inherent force of the word itself. Says Mr. Justice Davis, in delivering an opinion of the Supreme Court of the United States, interpreting this phrase with respect to a public office "a term of four years from the

second day of March," " The word ' from ' always excludes the day of date." *Best* v. *Polk*, 18 *Wall.* 119. Numerous citations upon this point are given in Mr. Anderson's dictionary of law.

The purpose of the enactment under review is to regulate the terms of an outgoing and an incoming judge, so that there shall be no day on which there is no judge, or no day on which there is more than one judge. Obviously, in order to accomplish this end, the outgoing judge must sit upon the day to which his term has been continued for the purpose of extinguishing it, otherwise it would result either that the new judge would sit before the old term was ended, or that the old judge could not sit, although his term had not ended. Whether, therefore, we interpret this statute or construe its provisions, its meaning, free from all obscurity, is that the judge in office at the time of its passage shall continue to exercise his function until his term of office ends on April 1st, from and after which day his successor shall take up the duties of the place.

The judgment of the District Court, rendered on April 1st, 1891, is affirmed with costs.